UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MAIN STREET BANK,

    Appellant,

Case No. 07-13676

Honorable Nancy G. Edmunds

v.

ALICE J. HULL,

    Appellee.
_____/

**OPINION AND ORDER AFFIRMING BANKRUPTCY JUDGE'S AUGUST 21, 2007 ORDER DENYING APPELLANT BANK'S MOTION FOR ORDER COMPELLING DEBTOR TO EXECUTE HER INTENTION TO SURRENDER REAL PROPERTY, FOR ORDER PLACING TITLE TO THE PROPERTY IN CREDITOR, AND FOR DAMAGES**

This is an appeal from an August 21, 2007 order issued by the Bankruptcy Court in a Chapter 7 bankruptcy proceeding brought by Appellee Alice J. Hull ("Debtor Hull"). The Bankruptcy Court denied Appellant Main Street Bank ("Creditor Bank")'s motion for an order compelling the Debtor to execute on her statement of intention to surrender real property and for damages for her failure to do so.

Creditor Bank argued that 11 U.S.C. § 521(a)(2) required Debtor Hull to surrender, by deed or otherwise, certain real property and further argued that Debtor's failure to do so entitled Creditor Bank to compensation for Debtor's use of that real property. For the reasons stated below, this Court concludes that the Bankruptcy Court properly construed § 521(a)(2) of the Bankruptcy Code, and thus AFFIRMS the Bankruptcy Court's August 21, 2007 decision rejecting Creditor Bank's arguments.

## I. Jurisdiction

Appellate jurisdiction is conferred on this Court by 11 U.S.C. § 158(a)(1) which states, "[t]he district courts of the United States shall have jurisdiction to hear appeals (1) from final judgments, orders, and decrees; . . . of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title. An appeal under this subsection shall be taken only to the district court for the judicial district in which the bankruptcy judge is serving."

## II. Appellate Standard of Review

This Court reviews the Bankruptcy Court's findings of fact for clear error and its conclusions of law *de novo*. *Westbanco Bank Barnesville v. Rafoth (In re Baker & Getty Fin. Serv. Inc.)*, 106 F.3d 1255, 1259 (6th Cir. 1997).

## III. Facts

Debtor Hull filed for Chapter 7 bankruptcy on September 21, 2006, and received her discharge on February 26, 2007. Prior to obtaining a discharge, on October 30, 2006, Debtor Hull filed an amended statement of intention indicating an intent to surrender residential real property located at 3216 Garden Avenue, Royal Oak, Michigan 48073, that was secured by a mortgage from Creditor Bank.

Creditor Bank filed an ex-parte motion to reopen Debtor Hull's Chapter 7 bankruptcy case on July 13, 2007, and the Bankruptcy Court entered an order on July 16, 2007 granting that motion. (Bankr. Ct. Docket Entry Nos. 28, 30.) Shortly thereafter, Creditor Bank filed the motion that is the subject of this appeal. A hearing was held on August 21, 2007, and an order denying that motion was issued the same day. This timely appeal followed.

## IV. Analysis

This appeal presents a single issue of statutory interpretation – whether the Bankruptcy Court correctly interpreted § 521(a)(2) of the Bankruptcy Code as merely procedural and held that a debtor's failure to surrender real property as stated in the statement of intention does not affect that debtor's substantive rights associated with that real property. This is an issue of law that is reviewed *de novo*. Having done so, this Court concludes that the Bankruptcy Court's interpretation is correct, and its August 21, 2007 order is thus affirmed.

The Bankruptcy Court rejected Creditor Bank's argument that the word "surrender" in § 521(a)(2)(A) should be equated with "abandonment" under Michigan property law and thus allows a shorter redemption period under Michigan law and allows Creditor Bank to require Debtor Hull to pay for her continued use of the secured residential real property from the date she failed to perform her stated intent to surrender until the date she ultimately vacates the residential property. Relying on commentary in the leading bankruptcy treatise, *Collier on Bankruptcy*, and case law addressing § 521(a)(2), the Bankruptcy Court concluded that, when read in context, the plain language of this section provides that (1) it is principally a notice provision that affects only procedure and not one that alters the debtor's substantive rights; (2) if a debtor fails to surrender property as stated in the statement of intention, then a creditor may request that the trustee take steps to require the debtor to perform as stated because the statute gives the trustee, not the creditor, the duty to ensure compliance; and (3) if the debtor fails to perform within the relevant time period, the secured creditor's remedy is to obtain relief from the automatic stay rather than to obtain a court order requiring the debtor to surrender the real property

in a manner that interferes with the debtor's substantive property rights under state law. This Court agrees with the Bankruptcy Court's analysis and result.

The Court begins its analysis with a discussion of § 521(a)(2)(A)-(C).[1]  The text is as follows:

(a) The debtor shall --

* * *

>   (2)  If an individual debtor's schedule of assets and liabilities includes debts which are secured by property of the estate --
>
>   (A)  within thirty days after the date of the filing of a petition under chapter 7 of this title or on or before the date of the meeting of creditors, whichever is earlier, or within such additional time as the court, for cause, within such period fixes, <u>the debtor shall file with the clerk a statement of his intention with respect to</u> the retention or <u>surrender of such property</u> and, if applicable, specifying that such property is claimed as exempt, and that the debtor intends to redeem such property, or that the debtor intends to reaffirm debts secured by such property;
>
>   (B)  <u>within 30 days</u> after the first date set for the meeting of creditors under section 341(a), or within such additional time as the court, for cause, within such 30-day period fixes, <u>the debtor shall perform his intention with respect to such property</u>, as specified by subparagraph (A) of this paragraph; and
>
>   (C)  <u>nothing in subparagraphs (A) and (B) of this paragraph shall alter the debtor's or the trustee's rights with regard to such property under this title except as provided in section 362(h)</u>. . . .

11 U.S.C. § 521(a)(2)(A)-(C) (emphasis added).

Section 362(h) addresses the automatic stay with regard to personal property, not real property.  Nonetheless, it should be considered when interpreting § 521(a)(2).

---

[1] 11 U.S.C. § 521(2)(A)-(C) was redesignated as § 521(a)(2)(A)-(C) in the 2005 amendments to the Bankruptcy Code, Pub. L. No. 109-8, § 106(d). The 2005 amendments govern all bankruptcy cases filed on or after October 17, 2005.

Section 362(h)(1) applies to bankruptcy cases where the debtor is an individual, and provides that the automatic stay will be "terminated with respect to personal property of the estate or of the debtor securing in whole or in part a claim, or subject to an unexpired lease, and such personal property shall no longer be property of the estate if the debtor fails" to timely perform the events set out in § 521(a)(2). 11 U.S.C. § 362(h)(1). Section 362(h)(2) sets out an exception to § 362(h)(1):

> (2) Paragraph (1) does not apply if the court determines, on the motion of the trustee filed before the expiration of the applicable time set by section 521(a)(2), after notice and a hearing, that such personal property is of consequential value or benefit to the estate, and orders appropriate adequate protection of the creditor's interest, and orders the debtor to deliver any collateral in the debtor's possession to the trustee. If the court does not so determine, the stay provided by subsection (a) shall terminate upon the conclusion of the hearing on the motion.

11 U.S.C. § 362(h)(2).

The plain language of § 521(a)(2) "does not require a debtor to transfer title by executing and delivering a deed in order to effectuate surrender." *In re Theobald*, 218 B.R. 133, 135 (B.A.P. 10th Cir. 1998). Section 521(a)(2), when read along with § 362(h), provides the following.

Section 521(a)(2)(A) requires the debtor to provide the trustee and secured creditors notice of his or her intent as to secured real or personal property. Section 521(a)(2)(B) provides a time line for performance with regard to the statement of intent. Section 521(a)(2)(C) expressly provides that nothing in subparagraphs (A) or (B) alters the debtor's substantive rights as to the secured property other than that provided in subsection 362(h) which applies to personal as opposed to real property. Accordingly, by providing notice of intent as to her secured real property, Debtor Hull did not "surrender" any substantive rights

5

provided by state law as to that secured real property. Secured creditors cannot use the bankruptcy laws to circumvent a debtor's substantive rights under state law. Rather, their remedy in the bankruptcy action is to request relief from the automatic stay and then pursue their remedies under state law. Section 521(a)(2) does not allow a secured creditor to obtain a better result under bankruptcy law than that provided under state law with regard to real property. As observed in *Collier on Bankruptcy*, to construe § 521(a)(2) in this matter would improperly ignore the mandate of § 521(a)(2)(C):

> Section 521(a)(2)(C) states that nothing in subparagraphs (A) and (B) of section 521(a)(2) shall alter the rights of the debtor or the trustee with regard to the property securing the debtor's consumer debts, except as provided in section 362(h). This section was originally inserted to make clear that the primary purpose of section 521(a)(2) is one of notice, to remedy creditors' complaints to Congress that they could not reach debtors' attorneys and were not permitted to contact *pro se* debtors at all. It was not intended to in any way limit the options available to debtors in dealing with secured debts. By giving the trustee the duty of ensuring that actions be taken in a timely manner, Congress imposed a more neutral party, vested with the trappings of the court, to contact the debtor.
>
> Thus, it is clear that a failure to take the action stated in the debtor's statement of intention, or to file a statement at all, does not affect the debtor's rights in the property. The 2005 amendments to the Bankruptcy Code reinforced this conclusion by adding, as the sole exception to section 521(a)(2)(C), language making clear that the only effect of failing to take certain actions under the provision is relief from the automatic stay in some cases under section 362(h) slightly earlier than would ordinarily occur. Congress did not in any other way change the savings clause relied upon by courts that have interpreted the provision as having primarily a notice function.

5 *Collier on Bankruptcy* ¶ 521.10[5] (15th rev. ed. 2004) (footnotes omitted). *Accord, In re Theobald*, 218 B.R. at 136 (construing § 521(a)(2)(C) before the 2005 amendments and observing that its plain language does not permit the creditor "to use the Bankruptcy Code to enable it to more expeditiously obtain relief provided under state law, or to obtain relief wholly unavailable under state law").

6

Contrary to Creditor Bank's arguments here, the 2005 amendments to the Bankruptcy Code did not alter the nature of § 521(a)(2) from one of procedure to one that altered the Debtor's substantive rights as to secured real property. As observed in the leading bankruptcy treatise, the statute as amended, "makes clear that nothing in section 521(a)(2) may alter the debtor's rights, . . . except as provided in section 362(h)." 5 *Collier on Bankruptcy* at ¶ 521.10[2] (footnotes omitted). Creditor Bank does not argue that § 362(h) permits the relief it seeks. Moreover, "since section 521(a)(2)(C) states that section 521(a)(2) is not intended to reduce the debtor's substantive rights, except as provided in section 362(h)," . . . . "the only consequence of the failure to perform is, in some cases, relief from the automatic stay with respect to the property." *Id.* at ¶ 521.10[3] (footnotes omitted). As the Bankruptcy Court properly observed, the leading bankruptcy treatise addressed and rejected arguments similar to those raised by Creditor Bank:

> If the debtor fails to comply, a creditor may presumably request that the trustee take steps to fulfill his or her duty to ensure that the debtor carries out the stated intention. This could be done through a request by the trustee to the debtor to act, so the case could be completed, or perhaps a motion for the court to rule on the issue. But because the statute is intended to affect only procedure, and not substantive rights of the debtor, the debtor may still decide not to follow through on the stated intention. . . . And because the statute gives the trustee, and not the creditor, the duty to ensure compliance with the statement, a creditor may not have standing to file its own motion alleging noncompliance, at least if it has not first sought action by the trustee. If compliance is sought, courts have suggested that the preferred remedy, if any should be granting the secured creditor relief from the automatic stay, rather than ordering the debtor to surrender the property or take any other action.

*Id.* at ¶ 521.10[4] (footnotes omitted).

The 2005 amendments to the Bankruptcy Code do not alter this analysis:

> The solution of relief from the automatic stay of section 362 appears to be the one contemplated . . . by the 2005 amendments to the Bankruptcy Code. . . . [S]ection 521(a)(2)(C) was amended to add an exception for relief from the stay

7

> as permitted by section 362(h). That subsection terminates the automatic stay with respect to personal property of the estate securing a claim, and renders that property no longer property of the estate, if the debtor fails to timely file a statement of intention, or to state an intention to surrender the property, to redeem the property or enter into a reaffirmation agreement with respect to the underlying claim. The stay is also terminated if the debtor fails to take timely action to carry out the stated intention.
>
> This provision does not affect the debtor's substantive rights vis a vis the creditor, but merely creates a possible early termination of the automatic stay. . . .
>
> Section 362(h)(1)(B) provides that the stay of section 362(a) is terminated if the debtor does not take timely the action specified in the statement of intention, unless the statement states an intention to reaffirm the debt on its original terms and the creditor refuses to agree to such reaffirmation. . . .

*Id.* (footnotes omitted). Creditor Bank does not provide any authority supporting its position.

Creditor Bank did not seek the relief available to it while Debtor Hull's Chapter 7 bankruptcy proceeding was pending; i.e., relief from the automatic stay so that it could proceed with foreclosure proceedings under state law. Moreover, the relief it subsequently sought, after Debtor Hull had obtained a discharge and her Chapter 7 bankruptcy proceeding was reopened, was properly denied by the Bankruptcy Court. It would be improper to allow Creditor Bank to obtain relief that would ignore the mandate of § 521(a)(2)(C) and would allow Creditor Bank to avoid state law requirements for enforcing its security interest in Debtor Hull's residential real property.

**V. Conclusion**

For the foregoing reasons, the Bankruptcy Court's August 21, 2007 order is AFFIRMED, and the Appellant's appeal is DISMISSED.


       s/Nancy G. Edmunds
       Nancy G. Edmunds
       United States District Judge

Dated: March 20, 2008

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 20, 2008, by electronic and/or ordinary mail.

       s/Carol A. Hemeyer
       Case Manager